Tueley J.
delivered the opinion of the court.
This is an attachment bill filed by the Union Bank of Tennessee against the defendant, Hiram Baker, on the 18th day of June, 1841, under the provisions of the acts of 1836, chap. 43, and of 1838, chap.166.
The bill charges that a large amount of the notes of the bank were stolen from its vaults, a considerable portion of which came into the possession of Baker, he at the time knowing them to be stolen, that he exchanged these notes at Louisville and St. Louis, for Illinois and Kentucky money,, with which he bought a quantity of whiskey and brandy, which he shipped to Nashville, that he also purchased a lot of ground in Nashville, upon which he erected valuable improvements, all of which was paid for out of the funds thus obtained from the bank; and prays an attachment against the effects of him, the said Baker, and that a lien be decreed in favor of the bank, *450 upon the whiskey and brandy shipped as aforesaid, and upon the house and lot; and that the same be sold to satisfy the demand of the bank against the said Baker, for the amount of its notes stolen from its vaults, and fraudulently received by him, knowing them to have been stolen. To this bill there were answers and replications, upon which there was proof taken; and upon the hearing, the chancellor decreed for the complainant according to the prayer of the bill. To reverse which, this appeal is prosecuted.
It is contended for the complainant, that inasmuch as the property sought to be charged by the decree, was bought with the notes of the bank, which had been stolen from it, there is a resulting trust in favor of the bank, which can be set up by a decree of a court of chancery; and that inasmuch as the defendant Baker absconded, the proceeding by attachment is legal. To this argument we cannot yield our assent for several reasons:
1st. The cause of action in favor of the bank against Baker, arises ex delicto, and not ex contractu; and it is not a case in .which the tort may be waived; for it is a felony; and granting that under our decisions the bank might have sued for damages by civil action, before a conviction for the felony, yet it must have been by special action on the case for the wrong, and not upon an implied assumpsit; in such case an attachment in equity will not lie by virtue of the statutes under which this bill is framed, for they are applicable only to the cases of debtor and creditor. This objection is fatal of itself to the whole of this proceeding, because it destroys, the process by which the defendants are brought into court.
But 2nd. If this were not so, the facts of this case do not establish a resulting trust: because, 1st, a resulting trust cannot be set up in guch perishable articles as whiskey and brandy. In England it has never been done, as far as our observation *451 «xtends, except in lands: in this state it has been extended by-analogy to slaves. 2d, because a trust can no more be created out of a felony, than a contract; indeed it would be a new and amusing principle to hold every thief a trustee by construction, for the owner of the effects stolen, and -to pursue them by decree in chancery, through every change of form they may undergo till they get into the hands of an innocent holder, as in this case. Union Bank paper is stolen; it comes fraudulently into the hands of Baker, who exchanges it for Illinois and Kentucky bank notes, with which he purchases whiskey and brandy; if. a resulting trust be declared in the whiskey and brandy,-so it would be if a horse were stolen and placed in the hands of an accomplice, who sells it for money, with which he buys hogs and sheep, and we would have a bill in chancery to dtclare a resulting trust in forty head of sheep and fifty head of hog's, because they were purchased with money received from the sale of a horse stolen from the complainant, and received by the defendant from the thief, knowing it to have been stolen: which is too plainly erroneous to be thought of. But this principle is equally applicable to a case of land, acquired by money stolen, or which is the proceeds of property stolen, and is sustainable neither upon reason or authority.
In the case of Campbell vs. Drake et als. decided by the supreme court of North Carolina at its December term, 18.44, it is held, “that where a clerk in a store pilfered money and goods from his employers, and laid out the proceeds in the purchase of a tract of land, the person thus robbed could hold neither the clerk nor his representatives after his death as trustee for his benefit.” There are other objections taken to this proceeding, equally fatal to it in our opinion, but as the points discussed go to the merits of the case, and are decisive of it, we have not deemed it necessary to notice them.
Let the decree be reversed and the bill dismissed.